Dear Honorable Birdsong,
The Attorney General is in receipt of your request for an Attorney General's opinion wherein you ask, in effect, the following questions:
1. May a board of education offer, at the option of an employee of theschool district, benefits, such as car insurance, life insurance orhousehold insurance in lieu of standard health and accident insurancebenefits afforded all other teachers and support personnel of the schooldistrict?
 2. May a board of education make cash payments to an individual in lieuof providing that individual with health and accident insurance fringebenefits?
As you noted in your correspondence to the Attorney General, a number of individuals who are employed by local bards of education, do not take advantage of benefits such as health and accident insurance which are either partially or wholly funded by the school district by reason of coverage for the employee under some other group or employee program of the employee's spouse. Your letter suggests that a financial advantage is gained by individuals who participate in the benefit program over those who elect not to participate.
The Boards of Education of local school districts have broad discretionary authority as to the terms of employment for the various employees of the school district. 70 O.S. 5-117 (1972). The general authority of the Board is to:
 ". . . Contract with and fix the duties and compensation of physicians, dentists, optometrists, nurses, attorneys, superintendents, principles, teachers, bus drivers, janitors, and other necessary employees of the district. . ."
Local boards of education are required by law to "provide for sick leave for all teachers employed in the district". 70 O.S. 6-104(A) (1977). Additionally, local boards of education are specifically authorized to "provide all or part of hospital and medical benefits, and sickness, accident, health and life insurance or any of the aforesaid for any or all of its employees." 70 O.S. 6-104 (B) (1977).
Our research has failed to discover any other statutes, case authority or Attorney General's Opinion which might be directly related to the questions you have presented for resolution. With respect to your first question, there can be no doubt that the statute specifically authorizes a local Board of Education to offer health, accident and life insurance as a part of the benefit package afforded the employees of the school district. We find nothing, however, in any of the related statutes concerning compensation and benefits provided by local boards of education, which would permit the board to offer, as a benefit or in lieu of some other benefit, automobile insurance, home-owners' insurance, or any other form of property insurance. Without some express or fairly implied statutory authority to offer insurance of this type as a primary benefit, there is no authority to offer insurance of this type in lieu of primary benefits. Therefore, in answer to your first question, a local board of education may not offer, in lieu of other benefits, insurance on automobiles, homes or personal property.
With respect to your second question, as previously noted there is broad general authority for the Board of Education to establish the duties and compensation of employees to the school district. Authorized benefit programs are, of course, a form of employee compensation. Attorney General Opinion No. 79-56. Also, the School Board may, in its discretion, "provide all or part of hospital and medical benefits". (Emphasis added.) 70 O.S. 6-104(B), supra. Although as a practical matter it has been and will most probably continue to be far more economical for local boards of education to provide hospital and medical benefits through the mechanism of insurance, there is nothing in the law which requires that the benefits, if offered, be offered in the form of insurance.
The board of education has a certain degree of flexibility, it may self-insure, or it may insure through a private company. Of course, when the board of education chooses to extend benefits to a class of employees, all members of the class must be afforded the opportunity to participate in substantially similar benefits. There is nothing which would require the board to afford an employee of the district anything other than opportunity to participate in the benefit program on an equal footing with other members of the class to whom the benefits are offered. Additional monetary disbursements in lieu of benefits are wages not benefits. While the board has broad discretion in establishing wages and other compensation, there is no statutory or other legal authority to permit payment of wages in lieu of authorized benefits.
It is, therefore, the opinion of the Attorney General that local boardsof education may not offer automobile, homeowners' or personal propertyinsurance in lieu of sickness, accident, health and life insurance orother hospital and medical benefits afforded by the Board of Education tothe employees of the district; and, a board of education may not payadditional wages to employees in lieu of providing other authorizedbenefits where the employee does not elect to participate in the benefitsprogram.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
JOHN F. PERCIVAL, ASSISTANT ATTORNEY GENERAL